IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 20-cr-30171-DWD |
| | ) |
| ISAAC SANDERS, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On December 2, 2020, Defendant Isaac Sanders pled guilty to conspiracy to commit mail fraud (Count 1), and aggravated identity theft (Count 2) (Doc. 5). On April 14, 2021, the undersigned sentenced Defendant to a term of imprisonment of one-day as to Count 1, and twelve months as to Count 2, all to run consecutively; to be followed by a three-year term of supervised release on Count 1 and a one-year term of supervised release on Count 2, running concurrently (Doc. 25). Sanders' projected release date is April 8, 2022. *See* https://www./bop.gov/inmateloc (last visited Dec. 6, 2021).

Now before the Court is Defendant's motion for compassionate release (Doc. 31) Sanders seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), asking this Court to reduce his sentence to home confinement due to risks posed by the COVID-19 pandemic and the prevalence of COVID-19 at FCC Forrest City, where Sanders is currently incarcerated. On September 3, 2021, the Government filed a Motion to Dismiss, arguing that Defendant's compassionate release motion is barred by Defendant's plea

1

agreement, which specifically forecloses Defendant from seeking relief under 18 U.S.C. § 3582 (Doc. 34).

The Court directed Defendant to file a response, if any, to the Government's Motion to Dismiss by October 4, 2021 (Doc. 35). Defendant has not filed a response opposing the Government's Motion. "Failure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." *See* SDIL-LR 7.1(c). The Court finds it appropriate to exercise its discretion here and finds that Defendant's failure to file a response to the Government's Motion is an admission of the merits of the Motion to Dismiss.

Furthermore, the Court finds that Defendant's plea agreement precludes Defendant's motion for compassionate release. The plea agreement provides, in relevant part:

> Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However, in exchange for the recommendations and concessions made by the United States in this Plea Agreement, **Defendant knowingly and voluntarily waives the right to seek modification of, or contest any aspect of, the conviction or sentence in any type of proceeding**, including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28, or under any other provision of federal law.

(Doc. 34-1; *see also* Doc. 7) (emphasis in original). The Seventh Circuit has held that identical language precludes a motion for compassionate release under the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A) (2018), and that a knowing and voluntary waiver of that right in a plea agreement is enforceable. *See United States v. Bridgewater*, 995 F.3d 591, 602 (7th Cir. 2021). Sanders has not challenged the enforceability of his plea agreement or his

knowing and voluntary waiver of his right to challenge his sentence under Title 18. Accordingly, the Court finds that Sanders' plea agreement is valid and enforceable. Further, Sanders knowingly and voluntarily waived his right to bring his compassionate release motion.

## Conclusion

The Court hereby **GRANTS** the Government's Motion to Dismiss (Doc. 35), and Defendant Sanders' Motion for Compassionate Release (Doc. 31) is therefore **DENIED**.

**SO ORDERED.**

Dated: December 6, 2021

_____
DAVID W. DUGAN
United States District Judge